# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-0273V
Filed: April 28, 2017
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| BRIAN BADGER,         * | |
| * | |
| Petitioner,    * | |
| v.                                     * | |
| * | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH   * | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES,   * | |
| * | |
| Respondent.   * | |
| * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Isaiah R. Kalinowski*, Maglio Christopher and Toale, PA, Washington, DC, for petitioner.
*Camille M. Collett*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On March 17, 2015, Brian Badger ("petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleged that he suffered Guillain-Barré Syndrome ("GBS") as a result of receiving the influenza ("flu") vaccine on October 4, 2013. Pet. at 1-4; Stip., filed Nov. 10, 2016, at ¶¶ 1, 2, 4. On November 15, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 43).

On March 29, 2017, petitioner filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorneys' Fees and Costs ("Pet. Motion") (ECF No. 48).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner requests attorneys' fees in the amount of **$26,496.80** and attorneys' costs in the amount of **$1,991.26** for a total amount of **$28,488.06**. *Id.* at ¶¶ 4, 5, 9. In compliance with General Order #9, petitioner has filed a signed statement indicating he incurred no out-of-pocket expenses.[3] *See* Exhibit 15, filed as 1st Attachment to Pet. Motion (ECF No. 48). On March 31, 2017, respondent filed a response to petitioner's motion. (ECF No. 49).

In her response, respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Petitioner "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. Petitioner did not file a reply.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, but the undersigned finds cause to reduce the requested hourly rates for petitioner's counsel in several instances.

Petitioner requests an hourly rate for petitioner's counsel for work performed in 2014-15 which is greater than the rate awarded by the undersigned in other SPU cases. In a reasoned decision, *McGrath v. Sec'y of Health & Human Servs.*, No. 15-275V, 2016 WL 8257731 (Fed. Cl. Spec. Mstr. Oct. 27, 2016), the undersigned determined an appropriate hourly rate for petitioner's counsel is $325 for work performed in 2014-15 and $349 for work performed in 2016. The undersigned sees no reason to deviate from that determination in this case and adopts the reasoning set forth in *McGrath*. 2016 WL 8257731, at *3-5. Thus, the amount requested for attorney's fees is reduced by **$644.00**, reflecting a reduction in hourly rate from $333 to $325 for .3 hours of work performed in 2014 and from $341 to $325 for 40.10 hours of work performed in 2015.

Additionally, petitioner requests the full hourly rate for time petitioner's counsel spent traveling. *See* Exhibit 16 at 7 (1st entry dated 9/10/2015, 1st & 2nd entries dated 9/11/2015, 2nd entry dated 9/14/2015, 2nd entry dated 9/15/2015, and entry dated 9/17/2015). Petitioner has, however, properly spilt this time between different cases for which the travel time was expended and has separated time spent traveling from time spent by petitioner's counsel performing substantive work. *See id.*

In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL

---

[3] Additionally, in accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses. Pet. Motion at ¶ 3.

3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006).  However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.*  In this case, all travel time which occurred in 2015 will be compensated at 50% of the usual hourly rate for petitioner's counsel, $325.  Thus, the amount awarded for attorneys' fees is further reduced by **$1,527.50**, reflecting a reduction in hourly rate from $325 to $162.50 for this travel time.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Accordingly, the undersigned awards **$24,325.30** in attorneys' fees and **$1,991.26** in attorneys' costs for a total award of **$26,316.56**[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Isaiah Kalinowski.  Per petitioner's request, the check shall be forwarded to Maglio, Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, FL 34236.

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

                                              **s/Nora Beth Dorsey**
                                              Nora Beth Dorsey
                                              Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.